MARTIN P. O'CONNOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74383. Promulgated February 5, 1937.

*Martin P. O'Connor, Esq.*, pro se.
*L. W. Creason, Esq.*, for the respondent.

404

OPINION.

HARRON: The question presented is whether the compensation of the petitioner as counsel for the board of education of Elizabeth, New Jersey, is exempt from tax under the implied constitutional prohibition against the taxation by the Federal Government of the instrumentalities of a state. This depends upon whether the petitioner was an officer or employee of the board of education or was merely an independent contractor. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. No question is raised as to whether the duties performed by petitioner on behalf of such board were performed in connection with the exercise of an essential or usual governmental function, but

it has been held that the operation of public schools is an essential governmental function. *Burnet* v. *Coronado Oil & Gas Co.*, 285 U. S. 393, and *G. Ridgely Sappington*, 25 B. T. A. 1385.

We find it unnecessary to determine whether the petitioner was an officer of the board in the taxable year, since we are satisfied and hold that he was an employee thereof.

In *Louisville, etc., R. R. Co.* v. *Wilson*, 138 U. S. 501, the Supreme Court defined "officers" and "employees" as follows:

> The terms "officers" and "employees", both, alike, refer to those in regular and continued service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employee. They imply continuity of service, and exclude those employed for a special and single transaction. An attorney of an individual retained for a single suit, is not his employee. It is true, he has engaged to render services; but his engagement is rather that of a contractor than that of an employee.

In the instant proceeding the petitioner was appointed by the board of education, pursuant to statutory authority, and his duties were prescribed in regulations of the board promulgated pursuant to statutory authority. He was not employed for a special or single transaction. He was in regular and continual service of the board of education. The board of education controlled or had the right to control his actions, thus characterizing his relation to the board as that of an employee rather than that of independent contractor.

The case of *R. Lawrence Coughlin*, 32 B. T. A. 1048, is quite similar to the instant proceeding and is governing in principle. We there held that compensation received by the taxpayer from a poor district and from a school district in the State of Pennsylvania is exempt from taxation, the taxpayer being held to be an employee of such districts. In that proceeding we found as a fact that the taxpayer was under the direction and control of the board of directors, except as to legal procedure necessary to accomplish desired results. The same situation exists in the instant proceeding. We there stated in part:

> The duties of the petitioner were continuous and embraced all the ordinary legal services required by the districts. The respective boards of directors had the right to demand all of the petitioner's time for the rendition of services within the scope of his employment. The fact that they did not utilize all of his time and that the petitioner conducted a private law practice during his spare time is not controlling. Neither is it fatal to the petitioner's claim that he relied on his own ability as a lawyer to carry out duties assigned him. *Burnet* v. *Livezey*, 48 Fed. (2d) 159; *Robert Carey*, 31 B. T. A. 839; *Robert P. Bay*, 28 B. T. A. 1169. There was present at all times the right to control the petitioner's activities, which distinguishes an employee from an independent contractor. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514.

See also the following cases, which are governing in principle: *Hector McGowan Curren*, 34 B. T. A. 946; *Joseph J. Sullivan*, 33

406

B. T. A. 629; *Jeremiah Wood*, 31 B. T. A. 1141; *Robert Carey*, 31 B. T. A. 839; petition to review dismissed, March 27, 1936, by the United States Circuit Court of Appeals for the Third Circuit; *Burnet* v. *Livezey*, 48 Fed. (2d) 159; *Blair* v. *Matthews*, 29 Fed. (2d) 892; and *United States* v. *Butler*, 49 Fed. (2d) 52. In each of those cases, except *Joseph J. Sullivan*, the taxpayer carried on a private law practice and in some instances the income therefrom far exceeded the income from employment by a governmental instrumentality.

Here, as in the *Coughlin* case, we are of the opinion that petitioner's claim is not invalidated by the fact that petitioner conducted a private law practice in his spare time, or that he exercised his specialized skill as a lawyer in carrying out his duties.

The instant proceeding is clearly distinguishable from such cases as *Lucas* v. *Reed*, 281 U. S. 699, reversing *Reed* v. *Commissioner*, 34 Fed. (2d) 263; *Lucas* v. *Howard*, 280 U. S. 526, reversing *Howard* v. *Commissioner*, 29 Fed. (2d) 895; and *Metcalf & Eddy* v. *Mitchell*, *supra*, in each of which cases the taxpayer was an independent contractor engaged to accomplish some specified object or objects, and where there were not continuing general duties and supervision or right of supervision thereof which obtain in the instant proceeding.

We hold that the compensation in question is not subject to the Federal income tax.

*Decision will be entered under Rule 50.*